UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
THOMAS M. MORAN,

                      Plaintiff,

           - against -                                 19-cv-3079 (AT)(KHP)

MTA METRO-NORTH RAILROAD COMPANY,
PO NICHOLAS STRYPE (individual capacity),
PO DOUGLAS COHEN (individual capacity), PO LUIGI
SEIDITA (individual capacity), PO JASON NANDOO
(individual capacity), PO JOSEPH TERRACCIANO
(individual capacity), and PO RICHARD DOE (Full names
and number of whom are unknown at present, and other
unidentified members of the MTA Police Department in
their individual capacities),

                      Defendants.
------------------------------------------------------------------------x

## ANSWER TO FIRST AMENDED COMPLAINT

       Defendants MTA Metro-North Railroad Company ("Metro-North"), and Police Officers

Nicholas Strype, Douglas Cohen, Luigi Seidita, Jason Nandoo and Joseph Terracciano, by their

attorney, Steve S. Efron, as and for their answer to the first amended complaint of Thomas M.

Moran, allege as follows:

       1.  Admit that plaintiff purports to bring this action pursuant to the Federal Employers'

Liability Act, and respectfully refer questions of law to the Court.

       2.  Admit that plaintiff purports to bring this action pursuant to 42 U.S.C. § 1983, and

respectfully refer questions of law to the Court.

       3.  Admit that plaintiff purports to invoke the jurisdiction of the Court and to have

properly venued the case in the Southern District of New York, and respectfully refer questions

of law to the Court.

4.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4.

5.  Admit that Metro-North is a public benefit corporation and subsidiary of the Metropolitan Transportation Authority ("MTA"), and respectfully refer questions of law to the Court.

6.  Admit that the MTA is a public benefit corporation created pursuant to § 1263 et seq. of the N.Y. Public Authorities Law and that the MTA maintains a police department, and deny the remaining allegations set forth in paragraph 6.

7.  Admit that Police Officer Nicholas Strype was employed by MTA, was acting in the scope of his employment at the time of the events alleged in the complaint, and was required to exercise his law enforcement powers lawfully.

8.  Admit that Police Officer Douglas Cohen was employed by the MTA, was acting in the scope of his employment at the time of the events alleged in the complaint, and was required to exercise his law enforcement powers lawfully.

9.  Admit that Police Officers Luigi Seidita, Jason Nandoo and Joseph Terracciano were employed by the MTA, were acting in the scope of their employment at the time of the events alleged in the complaint, and were required to exercise their law enforcement powers lawfully.

10.  Admit that Metro-North operates a commuter railroad interstate, and respectfully refer questions of law to the Court.

11.  Deny the allegations set forth in paragraph 11, except admit that plaintiff was employed by Metro-North as a conductor and that he was on duty at Grand Central Terminal at the time of the events alleged in the complaint.

2

12.  Admit that plaintiff was employed by Metro-North in the furtherance of its business at the time of the events alleged in the complaint, and respectfully refer questions of law to the Court.

13.  Admit that the MTA was created pursuant to § 1263 et sq. of the N.Y. Public Authorities Law, and respectfully refer the Court to the statute for a complete and accurate statement of its powers, duties and functions.

14.  Admit that the MTA was created pursuant to § 1263 et seq. of the N.Y. Public Authorities Law, and respectfully refer the Court to the statute for a complete and accurate statement of its powers, duties and functions.

15.  Admit that Metro-North had maintained a police force prior to the events at issue in this action.[1]

16.  Admit that the MTA was authorized by § 1266-h of the N.Y. Public Authorities Law to maintain a police department with jurisdiction over the facilities of certain MTA subsidiaries and/or affiliates, including Metro-North and the Long Island Rail Road ("LIRR").

17.  Admit that the police forces of Metro-North and the LIRR were consolidated to form the MTA police department and that Metro-North and LIRR police officers became employees of the MTA.

18.  Admit that the MTA is subject under certain circumstances to suits brought pursuant to FELA, and respectfully refer questions of law to the Court.

---

[1] The allegations set forth in paragraph 15 and following paragraphs appear to be drawn from the opinion in Greene v. Long Island R.R., 280 F.3d 224 (2d Cir. 2002).  Defendants respectfully refer the Court to that case for a complete factual recitation of the formation of the MTA police department and the relationship of the MTA to its subsidiary agencies.

19.  Admit that the MTA police department exercises jurisdiction over the facilities of certain MTA subsidiaries and/or facilities, including those of Metro-North and the LIRR, and respectfully refer questions of law to the Court.

20.  Admit that plaintiff was on duty in Grand Central Terminal as a Metro-North conductor at approximately 12:45 a.m. on August 4, 2017, and that facilities in or about the terminal were operated and maintained by Metro-North and/or the MTA.

21.  Deny the allegations set forth in paragraph 21 of the complaint.

22.  Deny the allegations set forth in paragraph 22 of the complaint, except admit that employees, agents, and servants of Metro-North were required to act lawfully.

23.  Admit the allegations set forth in paragraph 23.

24.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24.

25.  Deny the allegations set forth in paragraph 25, except admit that plaintiff approached MTA police officers at approximately 12:50 a.m. and requested that the officers remove a wheelchair customer from the platform.

26.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26.

27.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27.

28.  Deny the allegations set forth in paragraph 28, except admit that Police Officer Seidita made inquiries of Deputy General Station Master Brian Hicks whether a conductor could refuse passage to a customer in a wheelchair with a valid ticket and that Hicks escorted Officer Seidita

4

to the office of Train Master Douglas Martin to address the issue.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29.

30. Deny the allegations set forth in paragraph 30.

31. Deny the allegations set forth in paragraph 31, except admit that plaintiff approached Martin, Hicks and Officer Seidita, demanded that the wheelchair-bound passenger be removed and refused to provide his name in response to Officer Seidita's inquiry.

32. Deny the allegations set forth in paragraph 32.

33. Deny the allegations set forth in paragraph 33.

34. Deny the allegations set forth in paragraph, and respectfully refer the Court to the referenced surveillance video for an assessment of what is depicted therein.

35. Deny the allegations set forth in paragraph 35.

### ANSWERING THE FIRST COUNT OF THE AMENDED COMPLAINT

36. In response to paragraph 36, defendants repeat and reallege paragraphs 1 through 35 herein as if fully set forth.

37. Deny the allegations set forth in paragraph 37.

38. Deny the allegations set forth in paragraph 38.

39. Deny the allegations set forth in paragraph 39.

40. Deny the allegations set forth in paragraph 40.

41. Deny the allegations set forth in paragraph 41 and the immediately following unnumbered "WHEREFORE" paragraph.

## ANSWERING THE SECOND COUNT OF THE AMENDED COMPLAINT

42. In response to paragraph 42, defendants repeat and reallege paragraphs 1 through 41 herein as if fully set forth.

43. Admit that plaintiff purports to bring this action on the grounds set forth in paragraph 43, but deny that plaintiff is entitled to relief and respectfully refer questions of law to the Court.

44. Deny the allegations set forth in paragraph 44.

45. Deny the allegations set forth in paragraph 45.

46. Deny the allegations set forth in paragraph 46.

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47.

48. Admit the allegations set forth in paragraph 48.

49. Admit the allegations set forth in paragraph 49.

50. Deny the allegations set forth in paragraph 50.

51. Deny the allegations set forth in paragraph 51.

52. Deny the allegations set forth in paragraph 52.

53. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53.

54. Deny the allegations set forth in paragraph 54.

55. Deny the allegations set forth in paragraph 55.

56. Deny the allegations set forth in paragraph 56.

57. Deny the allegations set forth in paragraph 57.

58. Admit that plaintiff seeks recovery of costs and attorneys' fees, but deny that plaintiff

is entitled to relief and respectfully refer questions of law to the Court.

59.  Deny the allegations set forth in paragraph 59.

## ANSWERING THE THIRD COUNT OF THE AMENDED COMPLAINT

60.  In response to paragraph 60, defendants repeat and reallege paragraphs 1 through 59 herein as if fully set forth.

61.  Deny the allegations set forth in paragraph 61.

62.  Deny the allegations set forth in paragraph 62.

63.  Deny the allegations set forth in paragraph 63.

64.  Deny the allegations set forth in paragraph 64.

65.  Deny the allegations set forth in paragraph 65.

66.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 66.

67.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 67.

68.  Deny the allegations set forth in paragraph 68.

69.  Deny the allegations set forth in paragraph 69.

70.  Deny the allegations set forth in paragraph 70.

71.  Deny the allegations set forth in paragraph 71.

72.  Admit that plaintiff seeks recovery of costs and attorneys' fees, but deny that plaintiff is entitled to relief and respectfully refer questions of law to the Court.

73.  Deny the allegations set forth in paragraph 73.

**ANSWERING THE FOURTH COUNT OF THE AMENDED COMPLAINT**

74.  In response to paragraph 74, defendants repeat and reallege paragraphs 1 through 73 herein as if fully set forth.

75.  Deny the allegations set forth in paragraph 75.

76.  Admit the allegations set forth in paragraph 76.

77.  Deny the allegations set forth in paragraph 77.

78.  Deny the allegations set forth in paragraph 78.

79.  Deny the allegations set forth in paragraph 79.

80.  Admit that plaintiff seeks recovery of costs and attorneys' fees, but deny that plaintiff is entitled to relief and respectfully refer questions of law to the Court.

**ANSWERING THE FIFTH COUNT OF THE AMENDED COMPLAINT**

81.  In response to paragraph 81, defendants repeat and reallege paragraphs 1 through 80 herein as if fully set forth.

82.  Admit that plaintiff purports to bring this action on the grounds set forth in paragraph 82, but deny that plaintiff is entitled to relief and respectfully refer questions of law to the Court.

83.  Deny the allegations set forth in paragraph 83.

84.  Deny the allegations set forth in paragraph 84.

85.  Deny the allegations set forth in paragraph 85.

86.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 86.

87.  Admit the allegations set forth in paragraph 87.

88.  Admit the allegations set forth in paragraph 88.

89. Deny the allegations set forth in paragraph 89.

90. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 90.

91. Deny the allegations set forth in paragraph 91.

92. Deny the allegations set forth in paragraph 92.

93. Deny the allegations set forth in paragraph 93.

94. Admit that plaintiff seeks recovery of costs and attorneys' fees, but deny that plaintiff is entitled to relief and respectfully refer questions of law to the Court.

95. Deny the allegations set forth in paragraph 95.

### ANSWERING THE SIXTH COUNT OF THE AMENDED COMPLAINT

96. In response to paragraph 96, defendants repeat and reallege paragraphs 1 through 95 herein as if fully set forth.

97. Deny the allegations set forth in paragraph 97.

98. Deny the allegations set forth in paragraph 98.

99. Deny the allegations set forth in paragraph 99.

100. Deny the allegations set forth in paragraph 100.

101. Deny the allegations set forth in paragraph 101.

102. Admit the allegations set forth in paragraph 102.

103. Deny the allegations set forth in paragraph 103.

104. Deny the allegations set forth in paragraph 104.

105. Deny the allegations set forth in paragraph 105.

106. Deny the allegations set forth in paragraph 106.

107.  Deny the allegations set forth in paragraph 107.

108.  Admit that plaintiff seeks recovery of costs and attorneys' fees, but deny that plaintiff is entitled to relief and respectfully refer questions of law to the Court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

109.  The amended complaint fails in whole or in part to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

110.  The defendants acted, at all times relevant herein, in good faith and in accordance with the Constitution and Laws of the United States and the State of New York, as well as in accordance with all applicable rules and regulations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

111.  Plaintiff's efforts to deny a customer with a disability access to Metro-North's transportation facilities were in violation of the Americans with Disabilities Act and the rules and regulations promulgated pursuant to the Act.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

112.  No rules, regulations, policies or practices of Metro-North prohibited plaintiff from allowing a customer with a disability, in possession of a valid ticket, from boarding the train to which plaintiff was assigned as a conductor.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

113.  Metro-North does not hire, train, or supervise MTA police officers, and has no authority to discipline or discharge MTA police officers, and thus cannot be held liable for any negligence related thereto.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

114. Metro-North personnel, including plaintiff, are required to take direction from and follow the lawful orders of MTA police officers.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

115. MTA police officers are not in the employ of Metro-North and, therefore, Metro-North cannot be held liable on a theory of respondeat superior for the unlawful or negligent acts and omissions of MTA police officers.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

116. All actions taken by the defendant police officers were reasonable and appropriate under existing law or were justifiably perceived as reasonable and appropriate by the officers, and would be perceived as such by a reasonable police officer confronted with the same set of circumstances.

117. The defendant police officers did not violate any clearly established constitutional or statutory rights of which a reasonable police officer would have known.

118. The defendant police officers, by virtue of the foregoing, are protected from liability for their acts or omissions under the qualified immunity doctrine.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

118. Metro-North's managerial and supervisory personnel exercised reasonable discretion and judgment in addressing plaintiff's demand that a customer with a disability be ejected from a train and removed from the train platform, thus shielding Metro-North from liability under the governmental function defense.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

119.  Whatever injuries or damages may have been sustained by plaintiff were caused in whole or in part by his culpable conduct, such that the amount of damages recovered, if any, must be reduced in proportion to the culpable conduct attributable to plaintiff.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

120.  Punitive damages are not available against Metro-North, nor, in the circumstances of this case, are punitive damages available against the defendant police officers.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

121.  Plaintiff is barred from recovering lost wages, medical expenses and all other economic losses that have been or will be paid to plaintiff from a collateral source.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

122.  Plaintiff has failed to take available and reasonable steps to mitigate his damages, if any.

WHEREFORE, defendants demand judgment dismissing the amended complaint with costs, disbursements and attorney's fees incurred in the defense of the action, and awarding such other and further relief as the Court deems just and proper.

Dated: New York, New York
        June 28, 2019

_____/s/_____
Steve S. Efron
Attorney for Defendants
237 West 35th Street - Suite 1502
New York, New York 10001
(212) 867-1067