UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THOMAS M. MORAN,

            Plaintiff,

-against-

MTA METRO-NORTH RAILROAD COMPANY, P.O. NICHOLAS STRYPE (individual capacity), P.O. DOUGLAS COHEN (individual capacity), PO LUIGI SEIDITA (individual capacity), PO JASON NANDOO (individual capacity), PO JOSEPH TERACCIANO (individual capacity), and PO RICHARD DOE (Full names and number of whom are unknown at present, and other unidentified members of the MTA Police Department in their individual capacities),

            Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _6/22/2022__

19 Civ. 3079 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      Plaintiff, Thomas M. Moran, brings this action against Defendants MTA Metro-North Railroad Company ("Metro-North") and Police Officers Nicholas Strype, Douglas Cohen, Luigi Seidita, Jason Nandoo, Joseph Teracciano, and Richard Doe (collectively, the "MTA Police Officers" and together with Metro-North, "Defendants"), under the Federal Employer Liability Act, 45 U.S.C. § 51 *et seq.* ("FELA") and 42 U.S.C. § 1983, alleging violations of his rights under the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution. FAC, ECF No. 48. On March 31, 2021, the Court issued an order (the "Order") granting Defendants' motion for partial summary judgment as to Plaintiff's § 1983 malicious prosecution claim against the MTA Police Officers, and denied the motion in all other respects. Order, ECF No. 87. Plaintiff now asks the Court to reconsider that portion of the Order dismissing Plaintiff's malicious prosecution claim in light of the recent Supreme Court decision in *Thompson v. Clark*, 142 S. Ct. 1332 (2022) ("*Thompson II*"). For the reasons stated below, Plaintiff's motion for reconsideration is GRANTED; that portion of the Order granting summary judgment to

Defendants on Plaintiff's malicious prosecution claim is VACATED; and upon reconsideration, Defendants' motion for partial summary judgment on Plaintiff's malicious prosecution claim is DENIED as to Strype, and otherwise GRANTED.

## BACKGROUND

The Court presumes familiarity with the facts and procedural history outlined in the Order, and describes them briefly here. Order at 1–4. Plaintiff was a conductor for Metro-North. 56.1 Stmt. ¶¶ 1–2, ECF No. 83. On August 4, 2017, Plaintiff was working on the "1500" train, scheduled to run from Grand Central Terminal ("Grand Central") to New Haven, Connecticut. *Id.* ¶ 4. Although the train was scheduled to briefly stop at the Harlem-125th Street station ("125th Street") on this route, passengers boarding the train at Grand Central were not permitted to disembark at 125th Street. *Id.* ¶¶ 5–7.

Before the train departed from Grand Central, Plaintiff spoke with a wheelchair-bound passenger (the "Passenger") on the platform who wished to travel to 125th Street. *Id.* ¶ 8. Although Plaintiff told the Passenger that he would not be stopping at that station, the Passenger boarded the train. *Id.* ¶¶ 8, 11.

The parties dispute, in substantial part, what happened next. *Id.* ¶ 12. According to Plaintiff, the Passenger "was acting drunk and disorderly." Moran Dep. at 98:8–15, ECF No. 80-2. After Plaintiff informed the Passenger that he could not ride the train to 125th Street, the Passenger began cursing and yelling. 56.1 Stmt. ¶ 12; Moran Dep. at 97:11–98:15. Plaintiff then sought help from the MTA Police Officers, but testified that they did not provide assistance. Moran Dep. at 99:7–9; 106:5–15. Plaintiff then went to Trainmaster Douglas Martin's office, *id.* at 108:21–25, 109:2, where he found Officer Luigi Seidita speaking with Martin, *id.* at 112:3–9; Seidita Dep. at 42:14–43:2, ECF No. 80-4. Seidita first enquired of Martin whether a conductor

2

could refuse to transport a passenger with a valid ticket, then asked for Plaintiff's name and employee number, Seidita Dep. at 49:22–50:14, 14:17–15:24; Moran Dep. at 113:10–13. Plaintiff refused to provide this information. Moran Dep. at 113:10–17. Upon leaving Martin's office, Plaintiff exchanged heated words with a few other MTA employees, although the parties dispute whether Plaintiff used threatening or abusive language at that time. *Id.* at 114–115, 130; Seidita Dep. at 39:15–40:5.

As Plaintiff began walking back to the train, the officers followed him. Moran Dep. at 131:17–20; Pl. Ex. 1C at 5:19–6:55, ECF No. 77-3. Officer Cohen grabbed Plaintiff by the arm and threw him down. Moran Dep. at 131:2–8, 132:19–24, 133:12–16. Cohen, with the assistance of other officers, placed Plaintiff in handcuffs. Cohen Dep. at 21:10–18, ECF No. 80-6; Pl. Ex. 1C at 5:25–5:55. Plaintiff was then taken to a police station at Grand Central, and was ultimately transported to Manhattan Central Booking, where he was arraigned and released on his own recognizance. Moran Dep. at 134–139, 144–150. On February 5, 2018, the charges against Plaintiff were dismissed on motion of the district attorney. ECF No. 80-10.

## DISCUSSION

I. <u>Legal Standard</u>

Under Rule 54 of the Federal Rules of Civil Procedure, the Court has the inherent power to reconsider any of its decisions prior to the entry of a final judgment adjudicating all claims at issue. Fed. R. Civ. P. 54(b); *see also United States v. LoRusso*, 695 F.2d 45, 53 (2d Cir. 1982). Reconsideration is warranted where the movant identifies an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *DiLaura v. Power Auth. of N.Y.*, 982 F.2d 73, 76 (2d Cir. 1992). Because Plaintiff

does not cite the basis for his reconsideration motion, the Court construes his motion as arising under Rule 54(b).

To make a claim for malicious prosecution, a plaintiff must show that "(1) the defendant initiated a prosecution against plaintiff, (2) without probable cause to believe the proceeding [would] succeed, (3) the proceeding was begun with malice and, (4) the matter terminated in plaintiff's favor." *Ricciuti v. N.Y. City Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997).).[1] The Court granted summary judgment on Plaintiff's malicious prosecution claim principally on the ground that, although the charges against Plaintiff were dismissed on the motion of the district attorney, Plaintiff had failed to provide a specific reason for the dismissal that affirmatively demonstrated his innocence. Order at 12–13. In so holding, the Court relied on the Second Circuit's decision in *Thompson v. Clark*, 794 F. App'x 140 (2d Cir. 2020) ("*Thompson I*"), which held that dismissal of charges does not *per se* demonstrate favorable termination absent specific reasons affirmatively demonstrating a plaintiff's innocence, *id.* at 141–42. *See also Lanning v. City of Glens Falls*, 908 F.3d 19, 22, 28 (2d Cir. 2018).

The Supreme Court has since rejected the Second Circuit's reasoning, and held that "a Fourth Amendment claim under § 1983 for malicious prosecution does not require the plaintiff to show that the criminal prosecution ended with some affirmative indication of innocence." *Thompson II*, 142 S. Ct. at 1341. Rather, "[a] plaintiff need only show that the criminal prosecution ended without a conviction." *Id.* This decision, therefore, represents a "change in controlling law" that clearly warrants the Court's reconsideration of the Order. *DiLaura*, 982 F.2d at 76; *see also Zwick v. Town of Cheektowaga*, No. 17 Civ. 727, 2022 WL 1570345, at *2

---

[1] In their summary judgment motion, Defendants did not appear to contest whether Plaintiff sufficiently alleged the third and fourth elements of a malicious prosecution claim, and the Court shall not, therefore, address those factors here. Defs. Mem. at 17–19, ECF No. 74-1. Defendants are free to raise any factual or legal challenges as to these elements at trial.

(W.D.N.Y. May 18, 2022) (recognizing reversal of *Thompson I* and reinstating malicious prosecution claim on that basis). The Court, accordingly, vacates that portion of the Order granting summary judgment to Defendants on Plaintiff's malicious prosecution claim.

Here, Plaintiff's criminal proceeding was terminated on February 5, 2018, when it was dismissed on motion of the district attorney. 56.1 Stmt. ¶ 14; ECF No. 80-10. It is indisputable that Plaintiff's prosecution ended without a conviction, which establishes the second element of his malicious prosecution claim. *Thompson II*, 142 S. Ct. at 1341. As to the first element of Plaintiff's claim, however, as the Court noted in the Order, with the exception of Strype, the MTA Police Officers did not initiate or prosecute the charges against Plaintiff. Order at 11; *see also* Defs. Mem. at 18–19; Pl. Opp'n at 17, ECF No. 77. In his motion for reconsideration, Plaintiff does not identify any facts that support a contrary finding. This precludes the remaining officers' liability on this claim. *See Cameron v. City of New York,* 598 F.3d 50, 63 (2d Cir. 2010). Upon reconsideration, Defendants' motion for partial summary judgment on Plaintiff's malicious prosecution claim is, therefore, DENIED as to Strype, and GRANTED as to the remaining MTA Police Officers.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for reconsideration is GRANTED; the portion of the Order granting summary judgment to Defendants on Plaintiff's malicious prosecution claim is VACATED; and upon reconsideration, Defendants' motion for partial summary judgment on Plaintiff's malicious prosecution claim is DENIED as to Strype, and otherwise GRANTED.

SO ORDERED.

Dated: June 22, 2022
New York, New York

ANALISA TORRES
United States District Judge