UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

———————————————————————X

| | |
|---|---|
| THOMAS M. MORAN, | CIVIL ACTION |
| Plaintiff, | NO. 1:19-CV-03079-AT |
| VS. | |
| MTA METRO-NORTH RAILROAD COMPANY, PO NICHOLAS STRYPE (individual capacity), PO DOUGLAS COHEN (individual capacity), PO LUIGI SEIDITA (individual capacity), PO JASON NANDOO (individual capacity), PO JOSEPH TERACCIANO (individual capacity), and PO RICHARD DOE (Full names and number of whom are unknown at present, and other unidentified members of the MTA Police Department in their individual capacities), | JULY 22, 2022 |
| Defendants, | |

———————————————————————X

### THE PARTIES' PROPOSED JURY INSTRUCTIONS

Plaintiff's counsel and defendants' counsel conferred on two occasions to discuss areas of agreement with respect to the proposed jury charges and were unable to agree to specific language for each jury charge. The legal bases for substantive disagreements are set forth in the citations for each respective jury charge.

1

I    **GENERAL INSTRUCTIONS**

Plaintiff's Charges:

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

The party with the burden of proof on any given issue has the burden of proving every disputed element of his claim to you by a preponderance of the evidence.  If you conclude that the party bearing the burden of proof has failed to establish his claim by a preponderance of the evidence, you must decide against him on the issue you are considering.

What does a "preponderance of evidence" mean?  To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true.  A preponderance of the evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents.  In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties – that it is equally probable that one side is right as it is that the other side is right – then you must decide that issue against the party having this burden of proof.  That is because the party bearing this burden must prove more than simple equality of evidence – he must prove the element at issue by a preponderance of the evidence.  On the other hand, the party with this burden of proof need prove no more than a preponderance.  So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof – that what the party claims is more likely true than not true – then that element will have been proved by a preponderance of evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial.  That requirement does not apply to a civil case such as this and you should put it out of your mind.

Sand, 5 *Modern Federal Jury Instructions* § 73.01 (2020).

**BURDEN OF PROOF**

The plaintiff has the burden of proving each essential element of his Section 1983 claims by a preponderance of the evidence.  To prove an assertion by a preponderance of the evidence means proving that it is more likely true than not true.  If you find that any of the essential elements of plaintiff's Section 1983 claims have not been proven by a preponderance of the evidence, you must return a verdict for the defendant.

Sand, 5 *Modern Federal Jury Instructions* § 87-67 (2021).

## II      INTRODUCTION TO PLAINTIFF'S CLAIMS

Plaintiff's Charge:

The plaintiff, Thomas Moran, alleges that the defendants violated two laws.  First, he alleges that Metro North, its officers, employees, or agents, violated Title 45 Section 51 *et seq.* of the United States Code known as the Federal Employers' Liability Act or ("FELA").  The FELA provides that every railroad engaged in interstate commerce shall be liable for damages to its employees caused in whole or in part, even to the slightest, by negligence of the railroad's officers, agents, or employees in failure to exercise reasonable care to provide its employees with a reasonably safe workplace.

Second, he alleges that the MTA police officers, Nicholas Strype, Douglas Cohen, Luigi Seidita, Jason Nandoo, and Joseph Terracciano, each violated a federal civil rights law, known as Section 1983 of Title 42 of the United States Code.  Section 1983 provides a remedy for individuals who have been deprived of their constitutional rights by law enforcement officers.  Plaintiff alleges that the MTA police officers violated his rights under the First, Fourth, and Fifth Amendments of the Constitution.

I will now explain these claims to you in greater detail, starting with plaintiff's claim under the FELA.


Defendants' Charge:

**INTRODUCTION - NATURE OF PLAINTIFF'S CLAIMS**

Plaintiff, Thomas Moran, alleges that the defendants violated two laws.  First, he alleges that the MTA police officers, Nicholas Strype, Douglas Cohen, Luigi Seidita, Jason Nandoo, and Joseph Terracciano, each violated a federal civil rights law, known as Section 1983 of Title 42 of the United States Code.  Section 1983 provides a remedy for individuals who have been deprived of their constitutional rights by government officials, which includes law enforcement officers.  Plaintiff alleges that the MTA police officers violated his rights under the First and Fourth Amendments of the Constitution.

Plaintiff alleges that his employer, defendant Metro-North Railroad Company, violated Section 51 of Title 45 of the United States Code, known as the Federal Employers Liability Act or, for short, FELA.  FELA provides that every railroad engaged in interstate commerce shall be liable in damages for injuries to its employees caused in whole or in part by the negligence of the railroad's officers, agents or employees in

failing to exercise reasonable care to provide its employees with a reasonably safe workplace.[1]

I will now explain these claims to you in greater detail, starting with plaintiff's claim under Section 1983 that the MTA police officers violated his constitutional rights.

## III    FELA

### FELA -- Introduction

Defendants' Charge:

**FELA - INTRODUCTION**

As I noted at the beginning of my instructions to you, plaintiff claims that the defendant police officers are liable under Section 1983 for a deprivation of his constitutional rights and that defendant Metro-North R. R. is liable to him under the Federal Employers Liability Act ▢ known in short as FELA.  I will now explain the law applicable to plaintiff's FELA claim.

FELA provides in substance that every railroad engaged in interstate commerce shall be liable in damages for injuries to its employees resulting in whole or in part from the negligence of any of its officers, agents, or employees or from any defect or deficiency, due to its negligence, in its cars, machinery, track, roadbed or work areas.[2]

There is no dispute in this case that Metro-North is a railroad that operates in interstate commerce and that plaintiff was an employee of Metro-North acting in the course of his employment.

Plaintiff claims that Metro-North is liable for his injuries on either or both of two grounds.  He contends that the MTA police officers were agents of Metro-North and that Metro-North is responsible for the acts of its agents ▢ here, the alleged deprivation of plaintiff's constitutional rights by the MTA officers ▢ even if Metro-North did not contribute to those acts or even have any knowledge of them until later.

---

[1]Based generally on 5 Modern Federal Jury Instructions-Civil ("Mod. Fed. Jury Instr.") 87-65 and 89-1.

[2]Based on Mod. Fed. Jury Instr. 89-1.

4

The second ground raised by plaintiff is that Metro-North's trainmaster, Douglas Martin, was negligent in failing to take reasonable actions that would have prevented the harm to plaintiff.


## FELA -- Purpose

Plaintiff's Charge:

**FELA PURPOSE**

The purpose "of the FELA legislation is to promote adequate recovery for negligently injured railroad workers and thereby promote safe operating conditions." *Kozar v. Chesapeake and Ohio Ry. Co.*, 320 F. Supp. 335, 387 (WD Mich. 1970), *aff'd in part and vacated in part on other grounds*, 449 F.2d 1238 (6th Cir. 1971). *See House Judiciary Com. Rep.*, H.R. Rep. No. 1386, 60th Cong., 1st Sess., 42 Cong. Rec. 4434 et seq. (1908), *Sinkler v. Missouri P. R. Co.*, 356 U.S. 326, 329-30 (1958), and *Kernan v. American Dredging Co.*, 355 U.S. 426, 431-33 (1958).


## FELA -- Not Workers' Compensation

Plaintiff's Charge:

**FELA LAW APPLIES – NOT WORKERS' COMPENSATION**

The plaintiff's right to recover from Defendant Railroad is governed by federal law as set forth in the FELA, and he cannot seek recovery under state workers' compensation laws. *See Norfolk & W. Ry. Co. v. Liepelt*, 444 U.S. 490, 499 (1980)(when requested to instruct the jury that the award is not taxable to avoid speculation that might improperly affect damages the Supreme Court stated "[t]o put the matter simply, giving the instruction can do no harm, and it can certainly help preventing the jury from inflating the award and thus overcompensating the plaintiff on the basis of an erroneous assumption that the judgment will be taxable.") (*citing Burlington Northern Inc., v. Boxberger*, 529 F.2d 284, 297 (9th Cir. 1975)); *Johnson v. Union Pac. R. Co.*, 2007 WL 2914886 at 3 (D. Neb. Oct. 4, 2007).

**FELA – Duty to Provide Safe Place to Work**

Plaintiff's Charges:

**DUTY TO PROVIDE SAFE PLACE TO WORK**

Thus, the Federal Employers' Liability Act imposed on the defendant railroad a duty to the plaintiff, and to all its employees [or agents], to exercise reasonable care to provide him with a reasonably safe place in which to work. Sand, *4 Modern Federal Jury Instructions* § 89-13 (2006); *Shenker v. Baltimore & Ohio Railroad Co.*, 374 U.S. 1, 7, 83 S. Ct. 1667 (1962); *Urie v. Thompson*, 337 U.S. 163, 178 n.16, 69 S. Ct. 1018, 1028 n.16 (1949); *Bailey v. Central Vermont R. Co.*, 319 U.S. 350, 352-53 (1943); *Dennis v. Denver & Rio Grande Western Railroad Co.*, 375 U.S. 208, 211 (1963); *Lavender v. Kurn*, 327 U.S. 645, 651-53 (1946).

**NON-DELEGABLE DUTY TO PROVIDE SAFE PLACE TO WORK**

The Railroad's duty to provide its employees with a safe place to work is non-delegable, that is, it cannot be passed to another corporate entity or individual. This is so despite the fact that the Railroad may not own, control or be under the primary obligation to maintain the premises on which the employee is injured. The Railroad is not relieved from liability because such premises were unsafe or because of the existence of an unsafe condition was brought about through the act of a third party and without fault on the Railroad's part.

The Railroad cannot legally delegate, that is pass its duty to another and escape liability to its employee.

Under the FELA the employer is the one owing the duty to the employee. The employee need not look elsewhere for his protection. He has the right to rely on his employer and none other. When the employer abdicates or gives up its duty or control over the premises or the situation, the employer takes the risk, not the employee. *Payne v. Baltimore & Ohio R.R. Co.*, 309 F.2d 546 (6th Cir. 1962), *cert. denied*, 374 U.S. 827, 10 L. Ed. 2d 1051; *Schiller v. Penn Central R. R. Co.*, 509 F.2d 263 (6th Cir. 1975); *Shenker v. Balt. & Ohio R.R. Co.*, 374 U.S. 1 (1963).

**FELA -- Elements**

Plaintiff's charge:

**ELEMENTS**

In order to find the defendant liable to the plaintiff under the FELA statute, you must find by a preponderance of the evidence:

First, that the defendant is a railroad engaged in interstate commerce;

Second, that the plaintiff was an employee of the defendant in interstate commerce, acting in the course of his employment;

Third, that the defendant or one of its employees, or agents was negligent; and

Fourth, that such negligence played a part, no matter how small, in bringing about an injury to the plaintiff.

The first and second elements are stipulated and agreed to in this case so you need not concern yourself with them. Sand, 4 *Modern Federal Jury Instructions* § 89-2 (2006); *McBride v. CSX*, 131 S. Ct. 2630, 2644 (2011); *Rogers v. Missouri Pacific R. Co.*, 352 U.S. 500, 506, 77 S.Ct. 443 (1957) (stating "Under [FELA] the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought.) (emphasis added); *Conrail v. Gottshall*, 512 U.S. 532, 543, 114 S.Ct. 2396 (1994)(stating "a relaxed causation standard applies under the FELA."); *Williams v. Long Island Railroad Co.*, 196 F.3d 402, 406-7 (2nd Cir. 1999); *Ulfik v. Metro-North Commuter R.R.*, 77 F.3d 54, 58 (2nd Cir. 1996).

## FELA – Corporations Act Through Their Employees

Plaintiff's Charge:

**NEGLIGENT ACTS OF CORPORATION AND ITS EMPLOYEES**

Since a corporation can act only through its officers, or employees, or other agents, the burden is on the plaintiff to establish, by a preponderance of the evidence in the case, that the negligence of one or more officers, or employees, or other agents of defendant Metro North was a cause of any injuries and consequent damages sustained by the plaintiff.

Any negligent act or omission of an officer, or employee, or other agent of a corporation, in the performance of his duties, is held in law to be the negligence of the corporation. If the plaintiff's injury is caused or contributed to by the negligent act or omission of a fellow employee or agent, acting in the course of their employment or agency, then defendant Metro North would be responsible for the act or omission of the fellow employee or agent. *Paleockrasas v. Garcia,* 183 F.2d 244, 245 (2nd Cir. 1950); *see* 3 Fed. Jury Prac. & Instr. § 108:01 (6th ed.) (August 2021).

8

**FELA – Proof of Agency**

Plaintiff's Charge:

**MTA POLICE OFFICERS' ACTIONS OR INACTION ATTRIBUTABLE TO METRO NORTH UNDER THE FELA**

If the plaintiff's injuries were caused in whole or in part, even to the slightest, by the negligence of any MTA Police Officers acting in the course of their employment <u>and</u> in furtherance of Metro North's railroad operations, then they are deemed as a matter of law to be Metro North's agents. Pl.'s Ex. 19, The Amended and Restated Service Agreement between the Connecticut Department of Transportation ("CDOT"), the Metropolitan Transportation Authority ("MTA"), and Metro North Commuter Railroad ("Metro North") dated June 21, 1985 with the PACER Docket Report from *Metro-North v. Buchanan Marine LP*, 3:05-cv-00881-PCD (D. Conn.); *Sinkler v. Missouri Pacific RR. Co.*, 356 U.S. 326, 331-32 (1958) (holding that "agent" as used in the FELA covers others performing, under contract, operational activities of the plaintiff's employer); *Fitzgerald v. A.L. Burbank & Co.*, 451 F.2d 670, 680 (2d Cir. 1971) (holding in Jones Act claim [based on the FELA] that doctors and hospitals can be deemed agents of shipowner for medical services provided under contract); *Carney v. Pittsburgh & Lake Erie R.R. Co.*, 316 F.2d 277, 279 (3rd Cir. 1963) (holding that a railroad worker's residence and lodging at a YMCA was part of defendant railroad's operational activities and YMCA employees were acting as agents of the railroad for purposes of FELA liability); *Carter v. Union R.R. Co.*, 438 F.2d 208 (3rd Cir. 1971) (parking lot owner agent of railroad); *see also Moore v. Chesapeake & Ohio Railway Co.*, 649 F.2d 1004, 1010 (4th Cir. 1981) (operation of a cafeteria considered in furtherance of operational activities); *Mele v. Metropolitan Transportation Authority*, 2006 WL 2255080 at *4 (S.D.N.Y. Aug. 4, 2006) ("[A] reasonable jury could find that cleaning and maintaining its corporate headquarters was within the 'operational activities' of the MTA . . ."). N.Y. Pub. Auth. L. § 1264; 1266(1); 1266(2); 1266(3); 1266(5); 1266(h)(1) and (2) (establishing that as a matter of NY statutory law, MTA Police Officers working in the scope of their employment are working in furtherance of Metro North's operational activities as a railroad); *Greene v. Long Island R. Co.*, 280 F.3d 224, 228 (2d Cir. 2002); Def.s' Answer [Doc. 40], p. 3, par. 13-18; Fed. R. Evid. 201(c); *Mele v. Metropolitan Transportation Authority*, 2006 WL 2255080 at *2 (S.D.N.Y. Aug. 4, 2006) ("The MTA operates as an interstate common carrier within the meaning of the FELA."); *Batista v Metropolitan Transportation Authority*, 2021 WL 2894351 at 4, 10 (S.D.N.Y. July 9, 2021) (holding that [t]he law recognizes Metro North as an extension of the MTA and admitting that the MTA is a railroad engaged in interstate commerce).

[The plaintiff requests the Court take judicial notice of N.Y. Pub. Auth. L. § 1263 *et seq.* and the findings in *Greene* to the extent deemed not admitted by the defendants establishing that: (1) prior to 1997 defendant MTA-MNR maintained its own police force;

9

(2) in 1997, the Public Authorities Law "authorized and empowered" the MTA "to provide and maintain an authority police department and a uniformed authority police force" that may  "enforce and prevent violation of all the laws and ordinances in and about any or all of the facilities owned, occupied and/or operated by the [MTA] and its subsidiary corporations. N.Y. Pub. Auth. L. § 1266-h; and (3) MTA Police Officers working in the scope of their employment in GCT are working in furtherance of Metro North's operational activities as a railroad.]

[Defendants request that the Court take judicial notice of *Koehler v. Metropolitan Transp. Auth.,* 16-CV-00003 (AYS), 2021 U.S. Dist. LEXIS 155005 *40 -51, 2021 WL 36347777 (E.D.N.Y. Aug. 17 2021)(no agency relationship between Metro-North and State Troopers engaged in their employment while in Penn Station absent the existence of contract or proof of Metro-North's direct control over the Troopers) and *Bush v. Metro-North Commuter R.R. Co.,* 19-CV-01621 (JCH), 2021 U.S. Dist. LEXIS  136520 *13 - 19 (D. Conn. Jul. 22 2021)(using N.Y. Public Auth. Law, among other sources, in determining that there is no contract and no agency relationship between Metro-North and the MTA as a matter of law).  *Bush*, specifically, reviews the Public Authorities Law and finds absolutely nothing in there that would give rise to contract or an agency relationship between Metro-North and MTA Police officers.]

Defendants' Charge:

## FELA:  Circumstances Under Which Metro-North is Liable for Acts of MTA Police Officers (agency)

To succeed on his claim that Metro-North can be held liable for the acts of the MTA police officers on the ground that the MTA police officers were agents of Metro-North, plaintiff must prove by a preponderance of the evidence that the MTA police officers were in fact agents of Metro-North.  That is for you to determine based on the instructions I will now give to you and on the evidence which has been presented.[3]

The MTA police officers can be found to have been the agents of Metro-North if the MTA entered into a contract with Metro-North under which the MTA agreed to provide police services to Metro-North at Grand Central Terminal.[4]  If plaintiff has failed

---

[3]See Mod. Fed. Jury Instr. 89-8, Comment 6 ("In cases in which the status of the actors as employees or agents is unclear or in dispute, the jury should be instructed regarding the special FELA agency rules, under which railroads...are held liable to their employees for the negligent acts of other employees and of persons performing their operational activities under contract").

[4]Based on Sinkler v. Missouri Pac. R. Co., 356 U.S. 326, 331-32 (1958); Hopson v. Texaco, Inc., 383 U.S. 262 (1966); see also Koehler v. Metropolitan Transp. Auth., 2021 U.S. Dist. LEXIS 155005, *42-

to prove by a preponderance of the evidence that such a contract was in existence at the time in question, then you may consider the following factors in determining whether the police officers were acting as the agents of Metro-North:

1.  Metro-North's right, if any, to control the manner and means by which the MTA police officers performed their work;

2.  The source of the equipment used by the MTA officers;

3.  The duration of the relationship between the parties;

4.  Whether Metro-North had the right to assign additional projects or work to the MTA officers;

5.  The extent of the MTA police department's discretion over when and how long the police officers work;

6.  The location of the work;

7.  Who paid the MTA officers;

8.  Who exercised supervisory control over the MTA officers; and

9.  Who had the power to terminate the employment of the MTA officers.[5]

> If, considering these factors and the evidence as a whole, you determine that the MTA officers were agents of Metro-North, then Metro-North is liable for their conduct.

---

44 (E.D.N.Y. August 17, 2021); Bush v. Metro-North Commuter R.R., 2021 U.S. Dist. LEXIS 136520, *7-11 (D. Conn. July 22, 2021)(collecting cases).

[5]Based on Kelley v. Southern Pacific Co., 419 U.S. 318, 324-25 (1974)(applying common law principles of agency in FELA case); Knight v. State Univ. of N.Y. at Stony Brook, 880 F.3d 636, 639 (2d Cir. 2018)(setting forth common law factors in determining agency issue).

## FELA – Negligence

Plaintiff's Charge:

## NEGLIGENCE DEFINED

Negligence is simply the failure to use the same degree of care which a person of ordinary prudence would use in the circumstances of a given situation.  It can be the doing of something which a reasonably prudent person would not have done or failing to do something which a reasonably prudent person would have done under the circumstances.  Sand, 4 *Modern Federal Jury Instructions*, § 89-9 (2006); *Gallick v. Baltimore & Ohio R. Co.*, 372 U.S. 108 (1963).

Defendants' Charges:

## FELA – NEGLIGENCE INTRODUCTION

With respect to plaintiff's alternative claim under FELA, based on the conduct of Metro-North's trainmaster, Douglas Martin, plaintiff must show that Martin was negligent and that his negligence played a part, no matter how slight, in bringing about an injury to the plaintiff.[6]

## NEGLIGENCE - DEFINED

The fact that plaintiff was injured during his employment does not automatically entitle him to recover from his employer.  Plaintiff can only recover from Metro-North if negligence and the other elements I will describe are established by a preponderance of the evidence.[7]

Negligence is the failure to use reasonable care.  Reasonable care is the degree of care that people of ordinary prudence would use under like circumstances to avoid injury to themselves or others.  It can be the doing of something that a reasonably prudent person would not have done under the circumstances or failing to do something that a reasonably prudent person would have done in the circumstances.  The law does not say how a reasonably prudent person should act.  That is for you to decide.[8]

This definition of negligence requires the defendant to guard against those risks or dangers of which it knew or by the exercise of due care should have known.  In other words, the defendant's duty is measured by what a reasonably prudent person would

---

[6]Based on Mod. Fed. Jury Instr. 89-2.

[7]Based on Mod. Fed. Jury Instr. 89-8.

[8]Based on Mod. Fed. Jury Instr. 89-9; Seventh Cir. Instr. 9.01.

anticipate or foresee as creating a potential for harm resulting from particular circumstances.[9]


## FELA -- Foreseeability

Plaintiff's Charge:

## (5) FORESEEABILITY

In order to recover under the traditional negligence theory, the plaintiff must establish that some harm could occur from the conduct in issue -- the particular injury that resulted need not have been foreseeable. Rather, it is sufficient to establish that any harm was a reasonably foreseeable result of the conduct in issue regardless if the injury which the plaintiff claims he sustained was unexpectedly severe or improbable. In other words, the Railroad [or its agents] need not foresee the particular consequences of its negligent acts. If you find that the Railroad or its employees [or its agents] acted or failed to act in a negligent manner, then the plaintiff is entitled to recover for whatever damages flow from the Railroad's negligence. *Gallick v. Baltimore & Ohio R. Co.*, 372 U.S. 108 (1963).

Defendants' Charge:

## FELA - FORESEEABILITY CONSIDERATIONS

How do you determine whether Metro-North knew or, through the exercise of reasonable care, should have known of a particular risk or danger? First, you may consider any evidence presented concerning the actual knowledge of Metro-North or its employees. Second, you may consider any evidence presented concerning whether the risk was brought to the attention of Metro-North or its employees, for example, through employees' statements, complaints, or protests that a particular condition or assignment was dangerous. Third, you may consider whether a reasonably prudent person would have performed inspections that would have brought the dangerous condition to Metro-North's attention or otherwise would have known of the condition.

If you find by a preponderance of the evidence that a reasonably prudent person would have taken reasonable precautions against the risk based on such actual knowledge, statements, complaints or protests or reasonable inspection, and you find that Metro-North failed to take such reasonable precautions, then you may find that Metro-North was negligent.[10]

---

[9]Based on Mod. Fed. Jury Instr. 89-10.

[10]Based on Mod. Fed. Jury Instr. 89-11.

## FELA -- Causation

Plaintiff's Charge:

## CAUSATION

An issue to be determined is whether an injury to the plaintiff resulted in whole or part from the incident.  In other words, did the negligence or play a part, even the slightest, in bringing about an injury to the plaintiff? *McBride v. CSX*, 564 U.S.685, 131 S. Ct. 2630, 2644 (2011); *Rogers v. Missouri Pacific R. Co.*, 352 U.S. 500, 506, 77 S.Ct. 443 (1957) (stating "Under [FELA] the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought.) (emphasis added); *Conrail v. Gottshall*, 512 U.S. 532, 543, 114 S.Ct. 2396 (1994)(stating "a relaxed causation standard applies under the FELA."); *Smith v. National Railroad Passenger Corp.*, 856 F.2d 467, 469 (2d Cir. 1988); *Ulfik v. Metro-North Commuter R.R.*, 77 F.3d 54, 58 (2nd Cir. 1996)


Defendants' Charge:

## FELA - CAUSATION

If you find that Metro-North's employee, Douglas Martin, was negligent, you must then decide whether plaintiff has proved by a preponderance of the evidence that such negligence played any part, even the slightest, in bringing about plaintiff's injuries. There can be more than one cause of an injury.  The involvement of any other cause does not prevent a finding for the plaintiff, as long as you find that Martin's negligence played any part, no matter how slight, in causing an injury to plaintiff.[11]

But the mere fact that an injury occurred does not necessarily mean that the injury was caused by negligence.[12]

---

[11]Based on Mod. Fed. Jury Instr. 89-22.

[12]Based on Seventh Cir. Instr. 9.02.

**FELA – Contributory and Comparative Negligence**

Defendants' Charges:

## FELA – PLAINTIFF'S CONTRIBUTORY NEGLIGENCE

I have already explained that you may find Metro-North liable to the plaintiff if it was negligent, and if such negligence played a part, even the slightest, in causing plaintiff's injuries. Metro-North contends that plaintiff's injuries were due at least in part to his own negligence. This is called contributory negligence. If you find that the plaintiff was negligent and that his negligence played a part, even the slightest, in causing his own injuries, that does not prevent plaintiff from recovering damages if you find that Metro-North's negligence also played a part in causing plaintiff's injuries. Rather, it would result in a reduction of plaintiff's damages in proportion to the amount of negligence attributable to plaintiff, as I will explain to you.[13]

## FELA CONTRIBUTORY NEGLIGENCE AND CAUSATION ▢ SAME STANDARDS

To determine whether the plaintiff was contributorily negligent, you apply the same definition of negligence discussed earlier, that is, did the plaintiff take, or fail to take, actions that a reasonably prudent person would have taken in the circumstances. You also apply the same rule of causation, that is, did the plaintiff's negligence, if any, play any part, even the slightest, in bringing about his injuries. Your determination should be based on a preponderance of the evidence.[14]

## COMPARATIVE NEGLIGENCE

Now, assuming that you find by a preponderance of the evidence that Metro-North was negligent and that its negligence played a part in causing plaintiff's injuries; and also assuming that you find by a preponderance of the evidence that plaintiff was negligent and that his negligence played a part in causing his own injuries, you must then determine the percentage to which plaintiff's negligence, if any, contributed to his injuries. You will report this percentage on the special verdict form, which I will discuss shortly, and then after you return your verdict, I will decrease the amount of damages you have found, if any, by the percentage by which you find that plaintiff▢s own negligence contributed to his own injuries.

---

[13] Based on Mod. Fed. Jury Instr. 89-23; <u>Norfolk Southern Ry. v. Sorrell</u>, 549 U.S. 158 (2007).

[14] Based on Mod. Fed. Jury Instr. 89-24.

As I will remind you when I discuss damages in detail, if you reach the issue of damages, you should address the question of damages as a separate matter from the issue of contributory negligence.[15]

## IV    SECTION 1983 CLAIMS

**Section 1983 Claims – Introduction and Elements**

Plaintiff's Charges:

**GENERAL SECTION 1983 CIVIL RIGHTS CLAIM**

The federal civil rights act under which the plaintiff brings this suit was enacted to enforce the 14th Amendment to the United States Constitution.  The Fourteenth Amendment to the United States Constitution provides that:

> No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property without due process of law; nor deny any person within its jurisdiction the equal protection of laws.

As a matter of law under the constitution of the United States every citizen has the right to his liberty, that is, the right not to be arrested [or prosecuted] without due process of law…[and] every person has the constitutional right not to be subjected to unreasonable force while being arrested by a law enforcement officer….

Section 1983, the federal civil rights statute under which the plaintiff sues, provides that a person may seek relief in this court by way of damages against any person or persons who, under color of any state law or custom, subjects such person to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

3B *Fed. Jury Prac. & Instr.* § 165:10 (6th Ed. 2021).

**PURPOSE OF SECTION 1983 CLAIM**

Section 1983 creates a form of liability in favor of persons who have been deprived of rights, privileges and immunities secured to them by the United States Constitution and federal statutes.  Before section 1983 was enacted in 1871, people so injured were not able to sue state officials or persons acting under color of state law for

---

[15]Based on Mod. Fed. Jury Instr. 89-25.

money damages in federal court. In enacting the statute, Congress intended to create a remedy as broad as the protection provided by the 14th Amendment and federal laws.

Section 1983 was enacted to give people a federal remedy enforceable in federal court because it was feared that adequate protection of federal rights might not be available in state courts.

Sand, *5 Modern Federal Jury Instructions* § 87-66 (2021);

## ELEMENTS OF SECTION 1983 CLAIMS

To establish a claim under section 1983, plaintiff must establish, by a preponderance of the evidence, each of the following three elements:

First, that the conduct complained of was committed by a person acting under color of state law;

Second, that in committing these acts, the defendant deprived the plaintiff of rights, privileges or immunities secured by the constitution or laws of the United States; and

Third, that the defendants' acts were the proximate cause of injuries sustained by the plaintiff.

I shall now examine each of the three elements in greater detail.

Sand, *5 Modern Federal Jury Instructions* § 87-68 (2021).

Defendants' Charge:

## SECTION 1983 – INTRODUCTION AND ELEMENTS THAT PLAINTIFF MUST PROVE

Section 1983 of Title 42 of the United States Code, states:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proceeding for redress.

In short, Section 1983 creates a federal remedy for persons who have been deprived by state officials of rights secured by the United States Constitution.

17

To establish his claim under Section 1983, plaintiff must prove, by a preponderance of the evidence, each of the following three elements:

First, that the acts complained of were committed by the defendant acting under color of state law;

Second, that in committing these acts, the defendant deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States; and

Third, that the defendant's acts were the proximate cause of injuries sustained by the plaintiff.

To prove an assertion by a preponderance of the evidence means proving that it is more likely true than not true.  If you find that any of the elements of plaintiff's Section 1983 claim has not been proven by a preponderance of the evidence against one, more than one or all of the defendant police officers, you must return a verdict for that or those officers.[16]  The claim against each officer must be individually examined by you.

I shall now explain the elements in greater detail and how they relate to the specific claims being made in this case.


**Section 1983 Claims – First Element**

Plaintiff's Charge:

**FIRST ELEMENT- ACTION UNDER COLOR OF STATE LAW**

The first element of the plaintiff's claim is that the conduct complained of was committed by the defendant acted under color of state law

Action "under color of state law" means the defendant claims to be acting pursuant to authority given him by the state, even if he is misusing that authority.  The term state "state" here also encompasses any political subdivision of a state such as county or city, and also any state, county, or city agencies.

I instruct you that since the defendants were MTA Police Officers at the time of the acts in question, they were acting under color of state law.  In other words, the first element is established as a matter of law.

Sand, 5 *Modern Federal Jury Instructions* § 87-69; 87-70 (2021).

---

[16]Based on Mod. Fed. Jury Instr. 87-67, 87-68.

Defendants' Charge:

## FIRST ELEMENT ▯ COLOR OF STATE LAW

The first element requires that plaintiff establish that the acts complained of were committed by the MTA police officers under color of state law.  Because the police officers were acting at the relevant time in their official capacity as police officers of the MTA, a state agency, I instruct you that they were acting under color of state law.  In other words, this element of plaintiff▯s claim is not in dispute and you must find that this element has been established.[17]

I will proceed to the second and third elements, which are in dispute.

## Section 1983 Claims – Second Element

Plaintiff's Charge:

## SECOND ELEMENT - DEPRIVATION OF RIGHT

The second element of plaintiff's claim is that he was deprived of a federal right by the defendant.  In order for the plaintiff to establish the second element, he must show these things by a preponderance of the evidence: first, that the defendant committed the acts alleged by the plaintiff; second, that those acts caused the plaintiff to suffer the loss of a federal right; and third, that in performing the acts alleged, the defendant acted intentionally or recklessly, rather than accidentally.

Sand, *5 Modern Federal Jury Instructions* § 87-74; 87-75 (2021).

Defendants' Charge:

## SECOND ELEMENT ▯ DEPRIVATION OF CONSTITUTIONAL RIGHTS

The second element of plaintiff's claim is that the MTA police officers, in committing the acts complained of, intentionally or recklessly deprived the plaintiff of a constitutional right.  In order for the plaintiff to establish this second element, he must show that those acts that you found the defendants took caused plaintiff to suffer the loss of a constitutional right; and that the defendants performed these acts intentionally or recklessly, rather than accidentally.[18]

---

[17]Based on Third Circuit Instructions for Civil Rights Claims under Section 1983 (updated July 2019)("Third Cir. Instr.") 4.4.1.

[18]Based on Mod. Fed. Jury Instr. 87-74.

An act is intentional if it is done voluntarily and deliberately and not because of mistake, accident, negligence, or other innocent reason. Intent can be proved directly or it can be proved by reasonable inference from circumstantial evidence.[19]

An act is reckless if done in conscious disregard of its known probable consequences. In other words, even if a defendant did not intentionally seek to deprive a plaintiff of the plaintiff's rights, if nevertheless he purposely disregarded the high probability that his actions would deprive the plaintiff of the plaintiff's rights, then the second essential element would be satisfied.[20]

Plaintiff claims that the MTA police officers deprived him of his constitutional rights in three respects: first, plaintiff claims that he was arrested in the absence of probable cause to believe that he had committed or was committing a criminal offense, which, if proven by plaintiff by a preponderance of the evidence, constitutes a violation of the Fourth Amendment's prohibition of unlawful seizures. Second, plaintiff claims that the officers used excessive force in arresting and taking him into custody, which, if proven by a preponderance of the evidence, is also a violation of the Fourth Amendment. Third, plaintiff claims that the officers retaliated against him for exercising his right under the First Amendment to freedom of speech.

I will now instruct you on the law regarding each of plaintiff's three claims.

### Section 1983 Claims – Third Element

Plaintiff's Charge:

**CAUSATION 1983 CLAIMS**

The third element that the plaintiff must prove is that the defendant's acts were a proximate cause of injuries sustained by the plaintiff. An act is a proximate cause of an injury if it was a substantial factor in bringing about that injury, and if the injury was a reasonably foreseeable consequence of the defendant's act.

Sand, 5 *Modern Federal Jury Instructions* § 87-79 (2021).

---

[19]Based on Mod. Fed. Jury Instr. 87-76.

[20]Based on Mod. Fed. Jury Instr. 87-77.

## Section 1983 Claims – State of Mind

Plaintiff's Charges:

## STATE OF MIND GENERAL 1983 ACTION

To prove the 1983 claims, the plaintiff must not only show that the defendant's acts deprived the plaintiff of a federal right but also that the defendant performed those acts intentionally or recklessly, rather than accidently.

Sand, *5 Modern Federal Jury Instructions* § 87-75 (2021).

## STATE OF MIND INTENTIONAL

An act is intentional if it is done voluntarily and deliberately and not because of mistake, accident, negligence or other innocent reason.  Please note that intent can be proved directly or it can be proved by reasonable inference from circumstantial evidence.

Sand, *5 Modern Federal Jury Instructions* § 87-76 (2021).

## STATE OF MIND RECKLESSNESS

An act is reckless if done in conscious disregard of its know probable consequences. In other words, even if the defendant did not intentionally see to deprive a plaintiff of the plaintiff's rights, if nevertheless he purposely disregarded the high probability that his actions would deprive the plaintiff of the plaintiff's rights, the the second element would be satisfied.

Sand, *5 Modern Federal Jury Instructions* § 87-77 (2021).

**Section 1983 – Unlawful Arrest**

Plaintiff's Charge:

**UNLAWFUL ARREST (All Police Officers Except Sedeita)**

The plaintiff claims to have been unlawfully arrested. The United States Constitution provides that no person may be arrested without due process of law. This means that no person may be arrested without probable cause for such an arrest. A police officer must have information that would lead a reasonable person with the same official expertise as the officer to conclude that the person being arrested committed or is committing a crime.

Before you can determine whether the plaintiff was deprived by the defendant police officers of plaintiff's liberty "without due process of law," you must determine from a preponderance of evidence in the case:

(1)     Whether the police officers committed the acts alleged; and if so

(2)     Whether the defendant police officers acted under circumstances within or without the bounds of their lawful authority under state law. If defendant police officers acted within the limits of their lawful authority under state law, then defendant police officers could not have deprived the plaintiff of any right "without due process of law."

In New York, police officers may not arrest a person without an arrest warrant unless they have probable cause to believe that a crime has been committed and that the person in question committed that crime. Probable cause exists if the facts and circumstances known to the officer and of which the officer had reasonable, trustworthy information are sufficient to warrant a prudent person in believing that the plaintiff had committed a crime.

In New York, a police officer has the right to arrest a person without a warrant whenever the officer reasonably believes that such person has committed or is committing a misdemeanor offense in the presence of the officer. Defendant Police Officers contend they had probable cause to arrest the plaintiff for disorderly conduct in violation of Public Law § 240.20 subsection (1) and subsection (3), for assault in the second degree in violation of Public Law § 120.05; and for resisting arrest in violation of Public Law § 205.30.

Defendants' Charge:

22

## SECTION 1983 - UNLAWFUL ARREST

As I just explained, plaintiff must show that he was caused, intentionally or recklessly, to suffer the loss of a constitutional right.  Under the Fourth Amendment to the Constitution, plaintiff has a right not to be arrested without probable cause for such an arrest.  Probable cause for an arrest exists if, at the moment the arrest is made, a reasonable person in defendant's position, possessing the same official expertise as the officer, would believe that plaintiff had committed or is committing a criminal offense. In making this decision, you should consider the facts and circumstances known to the defendant officer at the time of the arrest.  Although the facts and circumstances known to the officer are relevant to your inquiry, the officer's intent or motive is not relevant to your inquiry.  If the arresting officer or officers lacked probable cause to arrest plaintiff, they would thereby deprive him of a Constitutional right.[21]

For purposes of the Fourth Amendment prohibition against unlawful seizures, an arrest occurs at the moment a police officer restrains a person's freedom of movement either physically or by an assertion of authority.[22]

Probable cause requires more than just a suspicion.  But it does not need to be based on evidence that would be sufficient to support a conviction, or even a showing that defendant's belief was probably right.  Because police officers often confront ambiguous situations, room must be allowed for some mistakes on their part.  But the mistakes must be those of reasonable officers.  The fact that the charges against plaintiff were later dismissed does not mean that there was no probable cause to arrest plaintiff at the time of his arrest, and I instruct you to give no weight at all to the subsequent dismissal of the charges against plaintiff in making your determination whether the police officers had probable cause to arrest plaintiff at the time in question.[23]

---

[21]Based on Mod. Fed. Jury Instr. 87-74A.

[22]Based on Pinto-Montoya v. Mukasy, 540 F.3d 126, 132 (2d Cir. 2008)("Physical restraint or an assertion of authority to restrain a person's freedom of movement by law enforcement officers would, in most instances, constitute a seizure").

[23]Based on Mod. Fed. Jury Instr. 87-74A; Federal Civil Jury Instructions of the Seventh Circuit (2017 rev.)("Seventh Cir. Instr.") 7.08; Third Cir. Instr. 4.12.2; Manual of Model Civil Jury Instructions For the District Courts of the Ninth Circuit (2017 ed., last updated December 2020) ("Ninth Cir. Instr.") 9.23; Zalaski v. City of Hartford, 723 F.3d 382, 390 (2d Cir. 2013) ("probable cause does not demand that an officer's good-faith belief that a suspect has committed or is committing a crime be "correct or more likely true than false"); Manual of Model Civil Jury Instructions for the District Courts of the Eighth Circuit ("Eighth Cir. Instr.") 4.50.

You heard testimony that the arresting police officer or officers believed at the time of the arrest that plaintiff was violating or had violated subdivision 1 of N.Y. Penal Law ⬚ 240.20.  But in determining whether the police officer or officers had probable cause to arrest plaintiff, it is not necessary that the police officer or officers had probable cause to arrest plaintiff for disorderly conduct specifically under subdivision 1 of N.Y. Penal Law 240.20, or for any of the criminal offenses charged in the criminal complaint against plaintiff, so long as the officer had probable cause to arrest plaintiff for some criminal offense ⬚ whether or not it was an offense asserted in the criminal complaint.[24]

## Section 1983 – Unlawful Arrest – Elements of the Alleged Underlying Crimes

Plaintiff's Charges:

**DISORDERLY CONDUCT**

To prove disorderly conduct in violation of subsection (1) the state would have to prove that the plaintiff engage[d] in fighting or in violent, tumultuous or threatening behavior with the intent to cause public inconvenience, annoyance or alarm, or recklessly create[ed] a risk thereof;

Public Law § 240.20 (i).

To prove disorderly conduct in violation of subsection (3) the state would have to prove the plaintiff use[d] abusive or obscene language, or made an obscene gesture in a public place with the intent to cause public inconvenience, annoyance or alarm or recklessly create[ed] a risk thereof.

Public Law § 240.20 (iii).

*Packard v. City of New York*, 2019 WL 11287678 at 7 (S.D.N.Y. Oct. 30, 2019) (quoting *Provost v. City of Newburgh*, 262 F.3d 146, 157 (2d Cir. 20017)).

The "disorderly conduct" statute was "designed to proscribe only that type of conduct which has a real tendency to provoke public disorder."  Staff Notes of the Commission on Revision of the Penal Law.  Proposed New York Penal Law.  MicKinney's Spec. Pamphlet (1963), p. 388.

In determining whether probable cause exists to arrest someone for disorderly conduct, the circumstances must indicate that the arresting officer was justified in concluding that the plaintiff was intentionally or recklessly creating a substantial risk that public

---

[24]Based on Jaegly v. Couch, 439 F.3d 149, 154 (2d Cir. 2006)("a claim for false arrest turns only on whether probable cause existed to arrest a defendant, and that it is not relevant whether probable cause existed with respect to each individual charge, or, indeed, any charge invoked by the arresting officer at the time of the arrest"); Eighth Cir. Instr. 4.51.

inconvenience, annoyance or alarm would occur. Isolated statements using coarse language to criticize the actions [or inactions] of a police officer, unaccompanied by provocative acts or other aggravating circumstances, rarely afford sufficient basis to infer the presence of public harm. *People v. Baker*, 20 N.Y. 3d 354, 364 (2013).

## ASSAULT IN SECOND DEGREE

To prove assault in the second degree, the state must prove that the plaintiff intended to cause serious physical injury to another person, and caused serious physical injury to such person or a third person.

Public Law § 120.05 (1)

or the state must prove the plaintiff caused physical injury to a police officer with the intent to prevent a police officer... from performing a lawful duty.

Public Law § 120.05 (3)

"Physical injury" means impairment of physical condition or substantial pain.

Public Law § 10.00

"Serious physical injury" means physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health, or protracted loss or impairment of the function of any bodily organ.

Public Law § 10.00

In determining whether defendant police officers had reasonable grounds to believe that a person has committed an offense, the facts known to the defendant police officers need not meet the standard of conclusiveness upon which a conviction must be based. Rather the actions of defendant police officers in making an arrest are to be measured by the test of what a reasonable person would have believed under the same circumstances.

3B *Fed. Jury Prac. & Instr.* § 165:21 (6th Ed. 2021); N.Y. Penal Law § 240.20.

<u>Defendants' Charge:</u>
**ELEMENTS OF THE CRIMES FOR WHICH DEFENDANTS
CLAIM THEY HAD PROBABLE CAUSE TO ARREST**

The police officers contend that at the time of plaintiff's arrest on the train platform, they had probable cause to believe that plaintiff had violated or was violating either subdivision 1 or subdivision 3, or both, of N.Y. Penal Law ⬚ 240.20, which makes it unlawful to engage in disorderly conduct.  Subdivision 1 of that statute provides that "A person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof...[h]e engages in fighting or in violent, tumultuous or threatening behavior."

Subdivision 3 of that statute provides that "A person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof...[i]n a public space, he uses abusive or obscene language, or makes an obscene gesture."

A person may be guilty of disorderly conduct regardless of whether his actions result in public inconvenience, annoyance or alarm if the conduct creates a risk of such public disruption.[25]

To succeed on his Fourth Amendment false arrest claim, plaintiff must prove by a preponderance of the evidence that the MTA officers did not have probable cause to arrest him under either of those provisions.  If you find that plaintiff has failed to prove by a preponderance of the evidence that the defendant officers did not have probable cause to arrest him, then you must find for the defendant officers on plaintiff's false arrest claim.[26]

In making that determination, I instruct you that the law does not demand evidence of every element of a crime ⬚ not even to support a person's arrest.  Thus, a police officer cannot necessarily be expected to know an individual's intent or state of mind before making an arrest for disorderly conduct.[27]

---

[25]Based on <u>People v. Weaver</u>, 16 N.Y.3d 123, 128 (2011)("We have made clear that a defendant may be guilty of disorderly conduct regardless of whether the action results in public inconvenience, annoyance or alarm if the conduct recklessly creates a risk of such public disruption").

[26]Based on Seventh Cir. Instr. 7.07; <u>De Lourdes Torres v. Jones</u>, 26 N.Y.3d 742, 759 (2016)("To prevail on [false arrest] cause of action, the plaintiff must demonstrate that the defendant intended to confine the plaintiff, that the plaintiff was conscious of the confinement, that the plaintiff did not consent to the confinement and that the confinement was not privileged").

[27]Based on <u>Ganek v. Leibowitz</u>, 874 F.3d 73, 86 (2d Cir. 2017)("The law has long recognized that probable cause does not demand evidence of every element of a crime - not even to support a person's

**Section 1983 – Unlawful Arrest – Appearance Ticket in Liew of Custodial Arrest**

Defendants' Charge:
**APPEARANCE TICKET IN LIEU OF CUSTODIAL ARREST**
**[SUBJECT TO ANTICIPATED TESTIMONY ON THE ISSUE]**

> You heard testimony that MTA Officer Cohen and MTA Officer Seidita requested identification from plaintiff as it was their intent to issue an appearance ticket to plaintiff charging him with disorderly conduct, rather than placing him under arrest.  It is for you, the jury, to decide whether or not to accept the officers' testimony concerning their intent.  But in regard to that, I instruct you that Section 150.20 of the New York Criminal Procedure Law provides:

> > Whenever a police officer is authorized...to arrest a person without a warrant...he shall, except as set out in paragraph (b)...instead issue to and serve upon such person an appearance ticket.

> Subdivision (b) provides that:

> > An officer is not required to issue an appearance ticket...if the person has been given a reasonable opportunity to make their verifiable identity and a method of contact known, and has been unable or unwilling to do so, so that a custodial arrest is necessary to subject the individual to the jurisdiction of the court.  For the purposes of this section, an officer may rely on various factors to determine a person's identity, including but not limited to personal knowledge of such person, such person's self-identification, or photographic identification.  There is no requirement that a person present photographic identification in order to be issued an appearance ticket in lieu of arrest where the person's identity is otherwise verifiable....[28]

**[Plaintiff objects to the charge in that, as worded, it tells the jury it was the police officers' intent to issue an appearance ticket to plaintiff.  It should be phrased that "The PO's claim they requested ID from the plaintiff on the platform and claim that it was their intent to issue an appearance ticket, rather than placing him under arrest."]**

---

arrest.  Indeed, the law is particularly tolerant with respect to the mens rea element of a crime on a probable cause showing").

[28]N.Y. Criminal Procedure Law ₪ 150.20.

**Section 1983 -Malicious Prosecution**

Plaintiff's Charge:

**MALICIOUS PROSECUTION** (Police Officer Strype)

The plaintiff alleges malicious prosecution against Police Officer Strype. To establish a claim of malicious prosecution, the plaintiff must prove by a preponderance of the evidence that PO Strype (1) caused him to be criminally prosecuted; (2) without probable cause to believe the proceeding would succeed, (3) the proceeding was begun with malice (that is, for a bad purpose), and (4) that the prosecution was eventually terminated without a conviction.

*Thompson v. Clark et al.*, 142 S. Ct. 1332, 1341 (2022); *Ricciuti v. N.Y. City Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997); *Moran v. MTA Metro North et al.*, 1:19cv03079 (AT) (S.D.N.Y. June 22, 2022) [Doc. 115]; *see  5 Modern Fed. Jury Instr.* Civil 87-74E (2022).

**Section 1983 – Excessive Force**

Plaintiff's Charge:

**EXCESSIVE FORCE (All Police Officers Except Sedeita)**

The Fourth Amendment to the United States Constitution protects person from being subjected to excessive force while being arrested.  In other words, a law enforcement official may only employ the amount of force necessary under the circumstances to make the arrest.

In the instant case, the plaintiff claims that he was subjected to excessive force by the defendants when the defendants arrested the plaintiff.  To determine whether the defendant's acts caused the plaintiff to suffer loss of a federal right, you must determine whether the amount of force used to effect the arrest was that which a reasonable officer would have employed is effecting and arrest under similar circumstances.  In making this determination, you may take into account the severity of the crime at issue, whether the plaintiff posed an immediate threat to the safety of the defendant or others, and whether the plaintiff actively resisted arrest or attempted to evade arrest by flight.  However, you do not have to determine whether the defendants had less intrusive alternatives available, for the defendant need only to have acted within that range of conduct identified as reasonable.  If you find that the amount of force used was greater than a reasonable person would have employed, the plaintiff will have established the claim of loss of a federal right.

Sand, *5 Modern Federal Jury Instructions* § 87-74C (2021).

Defendants' Charge:

**EXCESSIVE FORCE CLAIM**

The Fourth Amendment to the Constitution protects persons from being subjected to excessive force while being arrested.  In other words, a law enforcement official may only employ the amount of force reasonably necessary under the circumstances to make the arrest.  In this case, plaintiff claims that he was subjected to excessive force by the defendant officers when he was arrested.  To determine whether the defendants' acts caused the plaintiff to suffer the loss of a federal right, you must determine whether the amount of force used to effect the arrest was that which a reasonable officer would have employed in effecting the arrest under similar circumstances.  In making this determination, you may take into account such factors as the severity of the crime at issue, whether the plaintiff posed an immediate threat to the safety of the defendants or others, and whether the plaintiff actively resisted arrest or attempted to evade arrest by flight.  However, you do not have to determine whether the defendants had less intrusive alternatives available, for the defendants need only to have acted within that range of conduct identified as reasonable.  If you find that the amount of force used was greater than a reasonable person would have employed, the

plaintiff will have established the claim of excessive force in violation of the Fourth Amendment.

As I told you earlier, plaintiff must prove that defendants intended to commit the acts in question; but apart from that requirement, defendants' actual motivation is irrelevant.  If the force defendants used was unreasonable, it does not matter whether defendants had good motivations.  And an officer's improper motive will not establish excessive force if the force used was objectively reasonable.[29]

Furthermore, in making the determination whether the defendant officers did or did not use excessive force, you should not give any consideration to whether the officers had probable cause to arrest plaintiff.  In other words, the amount of force used may be reasonable even though the officers lacked probable cause to arrest, and the amount of force used may be unreasonable even though the officers had probable cause to arrest.[30]

### Section 1983 – Unlawful Arrest and Excessive Force – Failure to Intervene/Personal Involvement

Plaintiff's Charge:

**FAILURE TO INTERVENE (SEIDITA ONLY)**

The plaintiff claims that Officer Seidita failed to intervene to prevent a violation of the plaintiff's constitutional right to not be arrested in the absence of probable cause.  To succeed on his failure to intervene claim, the plaintiff must prove each of the following things by a preponderance of the evidence:

1.      One or more of the other Officers arrested the plaintiff without probable cause.

2.      Defendant Seidita knew one or more other Officers were about to arrest the plaintiff without probable cause;

3.      Defendant Seidita had a realistic opportunity to do something to prevent the false arrest;

4.      Defendant Seidita failed to take reasonable steps to prevent the false arrest;

5.      Defendant Seidita's failure to act caused the plaintiff to suffer harm.

---

[29]Based on Mod. Fed. Jury Instr. 87-74C; Third Cir. Instr. 4.9.

[30]Based on County of Los Angeles v. Mendez, 581 U.S. __, 137 S.Ct. 1539, 1547-48 (2017)("Because the excessive force and false arrest factual inquiries are distinct, establishing a lack of probable cause to make an arrest does not establish an excessive force claim, and vice-versa").

If you find that plaintiff has proved each of these things by a preponderance of the evidence, then you should find for the plaintiff and go on to consider the question of damages.

If, on the other hand, you find that the plaintiff has failed to prove any one of these things by a preponderance of the evidence, they you should find for the defendant, and you will not consider the question of damages.

Sand, Modern Federal Jury Instructions Pattern-Civil, P 7.16 (2020).


Defendants' Charge:

**REQUIREMENT OF PERSONAL INVOLVEMENT**

Plaintiff alleges that four of the five MTA police officers, Officers Strype, Cohen, Nandoo and Terracciano, each violated his constitutional rights not to be arrested in the absence of probable cause and not to be subjected to the use of excessive force.  I instruct you that plaintiff must prove by a preponderance of the evidence that an officer participated directly in the conduct that plaintiff complains about, and the officer's participation was with knowledge of the facts that rendered the conduct illegal.  You may not hold an officer liable for what others did or did not do.[31]

However, plaintiff claims that Officer Seidita can be held liable for failing to intervene to prevent wrongful conduct.  To succeed on that claim, plaintiff must prove each of the following things by a preponderance of the evidence:

1.  The arresting officer or officers falsely arrested plaintiff and/or used excessive force on plaintiff;

2.  Officer Seidita knew that the arresting officer or officers were about to falsely arrest plaintiff and/or use excessive force on plaintiff;

3.  Officer Seidita had a realistic opportunity to do something to prevent harm from occurring;

4.  Officer Seidita failed to take reasonable steps to prevent harm from occurring; and

5.  Officer Seidita's failure to act caused plaintiff to suffer harm.

If you find that plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for plaintiff on this claim, and go on to consider the question of damages.

---

[31]Based on Seventh Cir. Instr. 7.02; Provost v. City of Newburgh, 262 F.3d 146, 155 (2d Cir. 2001)("what we have meant by using phrases such as ⬚direct participation⬚ as a basis of liability is personal participation by one who has knowledge of the facts that rendered the conduct illegal").

If, on the other hand, you find that plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Officer Seidita on this claim.[32]

### Section 1983 – First Amendment Retaliation Claim – Introduction

Plaintiff's Charge:

**FIRST AMENDMENT RETALIATION CLAIM**

The First Amendment prohibits government officials from subjecting an individual to retaliatory actions for engaging in protected speech.  The plaintiff alleges that the one or more of the defendants retaliated against him for exercising his First Amendment right to freedom of speech in the United States Constitution.  To succeed on this claim, the plaintiff must prove: (1) he has a right protected under the First Amendment; (2) the defendant's actions were motivated or substantially caused by his exercise of that right; and (3) the defendant's actions caused the plaintiff injury.

*Moran v. MTA Metro North R.R. Co.*, 2021 WL 1226771 at 7 (S.D.N.Y. March 31, 2021); *Dorsett v. County of Nassau*, 732 F.3d 147, 161 (2d Cir. 2013).


Defendants' Charge:

**FIRST AMENDMENT RETALIATION**

Plaintiff claims that he was falsely arrested and/or subjected to the use of excessive force in retaliation for exercising his right to free speech under the First Amendment.  To establish his claim, plaintiff must demonstrate first, that his acts of speech were protected by the Free Speech Clause of the First Amendment; second, that following plaintiff's acts of speech, the defendant took adverse action against him; and third, plaintiff's acts of speech were a motivating factor in the defendant's decision to take adverse action against the plaintiff.[33]

---

[32]Based on Seventh Cir. Instr. 7.22.

[33]Based on Mod. Fed. Jury Instr. 87-95.

## Section 1983 – First Amendment Retaliation Claim – First Element

Plaintiff's Charge:

## FIRST ELEMENT – Protected Speech

The plaintiff claims he had a First Amendment right to tell the police officers that [they were useless and not doing their jobs]. The First Amendment protects a significant amount of verbal criticism and challenge directed at police officers. Such speech is protected unless it is likely to produce a clear and present danger or a serious substantive evil that arises above public inconvenience, annoyance, or unrest. You must decide whether plaintiff's speech was protected by the First Amendment. If so, then proceed to the second element of this claim.

*Moran v. MTA Metro North R.R. Co.*, 2021 WL 1226771 at 7 (S.D.N.Y. March 31, 2021); *City of Houston v. Hill*, 482 U.S. 451, 461 (1987); *see Posr. v. Court Officer Shield No. 207*, 180 F.3d 409, 415 (2d Cir. 1999).


Defendants' Charge:

## FIRST AMENDMENT RETALIATION - FIRST ELEMENT

To establish the first element of his claim, plaintiff must establish that his acts of speech were protected by the Free Speech Clause of the First Amendment. Before that can be determined, you, the jury must decide what, if anything, plaintiff said to express himself. You have heard conflicting evidence concerning the acts of speech in which plaintiff engaged. You must consider the evidence as a whole, in light of your reason and experience, and decide what, if anything, the plaintiff said to express himself.

You may decide that the plaintiff engaged in all, some, or none of the acts of speech he claims to have engaged in. Plaintiff claims, specifically, that he told the MTA police officers that they were useless and not doing their jobs. You must decide, therefore, whether plaintiff did express himself as he claims.[34]

---

[34]Based on Mod. Fed. Jury Instr. 87-96.

**Section 1983 – First Amendment Retaliation Claim – Second Element**

Plaintiff's Charge:

**SECOND ELEMENT – Defendant's Action Motivated or Caused by Speech**

The second element is whether the defendants' actions were motivated or substantially caused by his exercise of that right.  To prove this element the plaintiff must prove that there was no probable cause to arrest him.  *Nieves v. Bartlett*, 139 S. Ct. 1715, 1729 (2019).  If you find that the plaintiff has not proven a lack of probable cause to arrest him, you must find for the defendant on this claim. *Id.*; *Wiles v. City of New York*, 724 Fed. Appx. 52, 55 (2d Cir. 2018) (holding existence of probable cause renders officer immune from First Amendment retaliation claims); *see Mangino v. Incorporated Village of Patchogue*, 808 F.3d 956 (2d Cir. 2015) (holding that First Amendment malicious prosecution claim fails where probable cause to prosecute existed in summonses); *Fabrikant v. French*, 691 F.3d 193, 215-216 (2d Cir. 2012)(holding the existence of probable cause will defeat a claim of malicious prosecution).


Defendants' Charge:

**FIRST AMENDMENT RETALIATION - SECOND ELEMENT**

If you find that plaintiff has established by a preponderance of the evidence that he made that statement to the MTA police officers, plaintiff must show that the officers took adverse actions against him and what those actions were.[35]

---

[35]Based on Mod. Fed. Jury Instr. 87-97.

## Section 1983 – First Amendment Retaliation Claim – Third Element

Plaintiff's Charge:

**THIRD ELEMENT – Causation**

The third element the plaintiff must prove is that the defendant's action caused the plaintiff some injury.

*Moran v. MTA Metro North R.R. Co.*, 2021 WL 1226771 at 7 (S.D.N.Y. March 31, 2021); *Mangino v. Incorporated Village of Patchogue*, 808 F.3d 951 (2d Cir. 2015) (holding that First Amendment claim can be made by showing that plaintiff suffered some concrete harm, other than chilled speech, from exercising First Amendment rights).


Defendants' Charge:

**FIRST AMENDMENT RETALIATION - THIRD ELEMENT**

The third element of the plaintiff's claim is that his protected speech was a motivating factor in the police officer's decision to take adverse action. The plaintiff's protected speech was a motivating factor in the police officer's decision to take adverse action if that speech played a substantial part or important part in the decision. However, it need not be the only factor.[36]

---

[36]Based on Mod. Fed. Jury Instr. 87-98.

**Section 1983 – First Amendment Retaliation Claim – Affirmative Defense**

Defendants' Charge:

**FIRST AMENDMENT RETALIATION - AFFIRMATIVE DEFENSE**

If you find that plaintiff's protected speech was a motivating factor in the defendant's decision to take adverse action, the defendant police officer or police officers can still avoid liability if the officer proves by a preponderance of the evidence that he would have made the same decision even if plaintiff's speech had never occurred.[37]

---

[37]Based on Mod. Fed. Jury Instr. 87-99.

## V     Damages

## Damages – Introduction and Compensatory

Plaintiff's Charge:

## DAMAGES

After deciding what injuries were caused, in whole or in part, by the incident, you must then fix the amount of money which will reasonably and fairly compensate him for any of the following harms and losses proved by the evidence to have resulted in whole or in part from the incident:

(a)  You may include in your verdict the plaintiff's past loss of earnings and impairment to future earning capacity shown by the evidence in the case to be proximately caused by the injuries as a result of the incident in question.

(b) You may also consider the value of lost fringe benefits from the Railroad, including any lost medical benefits, pension benefits, retirement benefits, and any other fringe benefits.

(c)  In awarding damages, you may include in your verdict, a sum of money which reasonably compensates the plaintiff for any pain, suffering, mental anguish, loss of function, and inability to enjoy life's normal activities already suffered by him and resulting in whole or in part from the incident in question.

(d)  In awarding damages, you may include in your verdict, a sum of money which will reasonably compensate the plaintiff for any pain, suffering, mental anguish, loss of function, inability to enjoy life's normal activities which you find from the evidence in the case that it is reasonably probable he will suffer in the future from the same cause.

Sand, *4 Modern Federal Jury Instructions* § 89-29 (2020); *Michigan Central R.R. v. Vreeland*, 227 U.S. 59, 65 (1913); *Manes v. Metro-North Commuter Railroad*, 801 F.Supp. 954, 966 (D. Conn. 1992)(Nevas, J.), aff'd 990 F.2d 622 (2nd Cir. 1993)(*citing Perry v. Metro-North R.R.*, 716 F. Supp.  61, 62-64 (D. Conn. 1989)(Dorsey, J.)).


According to the U.S. National Center for Health Statistics, Vital Statistics of the U.S., Annual, the life expectancy of a 52 year old male is 28 years.

This fact, of which the Court takes judicial notice, is now in evidence to be considered by you in arriving at the amount of damages, if any, to be awarded, in the event you find the plaintiff is entitled to a verdict. Fed. R. Evid. 201.

Life expectancy, as shown by a mortality table, is merely an estimate of the probable average remaining length of life of all persons in our country of a given age,

and that estimate is based on not a complete but only a limited record of experience. So the inference which may be drawn from the life expectancy shown by the table applies only to one who has the average health and exposure to danger of people of that age.  In considering the life expectancy of the plaintiff, you should consider, in addition to what is shown by the table of mortality, all other facts and circumstances in evidence bearing on the life expectancy of the plaintiff, including his occupation, habits and state of health.

Now, it is not necessary that any witness should have expressed an opinion as to the amount of such damages for such pain and suffering, but you, the jury, may estimate the amount of such damages, if any, by considering the facts and circumstances in evidence in light of your own knowledge and experience in the affairs of life.  The law prescribes no definite measure of pain and suffering damages but leaves such damages to be fixed by you as your discretion dictates if, after considering all the circumstances that may be just and proper, you find for the plaintiff in this regard. Sand, 5 *Modern Federal Jury Instructions* §§ 89-32 and 33 (2021); 5 Am. Jur. Trials at 1023, 1026-27.

## DAMAGES: COMPENSATORY

If you find for the plaintiff, you must determine the plaintiff's damages.  The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages mean the amount of money that will reasonably and fairly compensate the plaintiff for the deprivation of civil rights proximately caused by defendant police officers. Damages may not be based on speculation or sympathy.  They must be based on evidence presented at trial and only that evidence.

You should consider the following elements of damage to the extent you find them proved by a preponderance of the evidence:

1. The plaintiff's past and future lost earnings and benefits
2. The plaintiff's past and future physical, emotional pain and mental anguish;
3. Punitive damages

3B *Fed. Jury Prac. & Instr.* § 165:70 (6th Ed. 2021).

Defendants' Charge:

## Introduction and Compensatory

I am now going to instruct you on damages.  Just because I am instructing you on how to award damages does not mean that I have an opinion on whether or not defendants, or any one of them, should be held liable.

If you find one or more of the defendants liable, then you must consider the issue of compensatory damages. You shall award a sum of money that you believe will fairly and justly compensate plaintiff for those injuries that you find plaintiff has proven by a preponderance of the evidence. You may not simply award damages for any injury suffered by the plaintiff ⬚ you must award damages only for those injuries that are a proximate result of defendants' conduct that violated his constitutional rights and/or were a result of Metro-North's negligence under FELA.

Compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence. Plaintiff has the burden of proving compensatory damages by a preponderance of the evidence.[38]

Plaintiff claims the following items of damages:

1. The physical and mental and emotional pain and suffering and disability that plaintiff has experienced during and after the events in issue, including any such physical and mental and emotional harm that plaintiff is reasonably certain to experience in the future. In assessing such harm, you should consider the nature and extent of the injury and whether the injury is temporary or permanent. No evidence of the dollar value of physical and mental and emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate the plaintiff for the injury he has sustained.[39]

2. The wages and employment benefits plaintiff has lost and the present value of the wages and employment benefits that plaintiff is reasonably certain to lose in the future because of his diminished ability to work. Any award for future economic damages must be for the present cash value of those damages. Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages would have been received.[40]

The amount you award in compensatory damages, if any, will not be subject to any income taxes, and you should not consider such taxes in fixing the amount of your award.[41]

---

[38]Based on Mod. Fed. Jury Instr. 87-87; Third Cir. Instr. 4.8.1.

[39]Based on Third Cir. Instr. 4.8.1.; Seventh Cir. Instr. 7.26.

[40]Based on Seventh Cir. Instr. 7.26; Ninth Cir. Instr. 5.4.

[41]Based on Norfolk & W. Ry. Co. v. Liepelt, 444 U.S. 490 (1980); Fanetti v. Hellenic Lines, Ltd., 678 F.2d 424 (2d Cir. 1982).

## Damages – Mitigation of Damages

Defendants' Charge:

**MITIGATION OF DAMAGES**

If you find that plaintiff was injured by the conduct of the defendant, you must determine whether the plaintiff could have done something, after the injurious conduct, to lessen the harm that he suffered. The burden is on the defendant to prove, by a preponderance of the evidence, that the plaintiff could have lessened the harm that was done to him, and that he failed to do so. If the defendant convinces you by a preponderance of the evidence that plaintiff could have reduced the harm done to him but failed to do so, the plaintiff is entitled only to damages sufficient to compensate him for the injury that he still would have suffered even if he had taken appropriate action to reduce the harm done to him.[42]

## Damages – Double Recovery and Compensatory Damages

Defendants' Charge:

**DOUBLE RECOVERY AND COMPENSATORY DAMAGES**

I have said that, if you return a verdict for the plaintiff, you must award him a sum of money that you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct result of the conduct of the defendant. In this case, the plaintiff claims that the defendant violated his rights in a number of ways, including false arrest, use of excessive force, failure to intervene, First Amendment retaliation and negligence under FELA. If you find that the defendant did in fact violate more than one of the plaintiff's rights, you must remember, in calculating the damages, that the plaintiff is entitled to be compensated only for injuries he actually suffered. Thus, if the defendant violated more than one of the plaintiff's rights, but the resulting injury was no greater than it would have been had the defendant violated only one of those rights, you should award an amount of compensatory damages no greater than you would award if the defendant had violated only one of the plaintiff's rights. If, on the other hand, the defendant violated more than one of the plaintiff's rights and you can identify separate injuries resulting from the separate violations, you should award an amount of compensatory damages equal to the total of the damages you believe will fairly and justly compensate the plaintiff for the separate injuries he has suffered.[43]

---

[42]Based on Mod. Fed. Jury Instr. 87-90.

[43]Based on Mod. Fed. Jury Instr. 87-91.

## Damages – No Discounting for Future Non-Pecuniary Damages

Plaintiff's Charge:

**DISCOUNTING METHOD FOR FUTURE NON-PECUNIARY DAMAGES SUCH AS PAIN, SUFFERING AND MENTAL ANGUISH**

It is not necessary to reduce your award for future intangible damages such as pain and suffering and mental anguish by any particular discount rate.  It is sufficient if you generally take into account the time value of money without applying any precise mathematical adjustment. *Oliveri v. Delta Steamship Lines, Inc.*, 849 F 2d 742, 751 (2nd Cir. 1988).


## Damages – Taxability

Plaintiff's Charge:

**AWARD IS NOT TAXABLE**

If you make any award of damages, such award is not subject to federal income taxes and you should not consider such taxes in determining the amount of damages, if any.  Sand, *5 Modern Federal Jury Instructions* § 89-36 (2021).


## Damages – Punitive Damages

Plaintiff's Charge:

**PUNITIVE DAMAGES**

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award the injured person punitive damages in order to punish the defendant for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct.

If you find in favor of the plaintiff and against a defendant and if you find the conduct of that defendant … was recklessly and callously indifferent to the plaintiff's constitutional rights, then in addition to any other damages to which the find the plaintiff entitled, you may, but are not required to, award the plaintiff an additional amount as punitive damages if you find it is appropriate to punish the defendant or deter the defendant and others from like conduct in the future.  Whether to award the plaintiff punitive damages and the amount of those damages are within your sound discretion.

You may assess punitive damages against any or all defendant police officers or you may refuse to impose punitive damages.  If punitive damages are assessed against more than one defendant, the amounts assessed against such defendants may be the same or may be different.

3B *Fed. Jury Prac. & Instr.* § 165:71 (6th Ed. 2021); *Mathie v. Fries*, 121 F.3d 808, 815-817 (2d Cir. 1997).

Defendants' Charge:

**PUNITIVE DAMAGES**

Whether or not you award the plaintiff actual damages, you may also, in your discretion, make an award of punitive damages. Punitive damages are awarded, in the discretion of the jury, to punish a defendant for extreme or outrageous conduct, and to deter or prevent a defendant and others like him from committing such conduct in the future.

You may award the plaintiff punitive damages if you find that the acts or omissions of the individual defendant police officers were done maliciously or wantonly. An act or failure to act is maliciously done if it is prompted by ill will or spite towards the injured person. An act or failure to act is wanton if done with a reckless or callous disregard for the rights of the injured person. The plaintiff has the burden of proving, by a preponderance of the evidence, that defendant acted maliciously or wantonly with regard to the plaintiff's rights.

If you find by a preponderance of the evidence that the individual defendant police officers acted with malicious intent to violate the plaintiff's federal rights or unlawfully injured him, or if you find that defendant acted with callous or reckless disregard of the plaintiff's rights, then you may award punitive damages.

An award of punitive damages, however, is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them. In making this decision, you should consider the underlying purpose of punitive damages.  Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous conduct or to deter him and others like him from performing similar conduct in the future.  Thus, in deciding whether to award punitive damages, you should consider whether the individual defendant police officers may be adequately punished by an award of actual damages only, or whether the conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct. You should also consider whether actual damages, standing alone, are likely to deter or prevent these defendant police officers from similar wrongful conduct in the future, if it was in fact wrongful, or whether punitive damages are necessary to provide deterrence.  Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those the individual defendant police officers may have committed.

If you decide to award punitive damages, these same purposes should be kept in mind as you determine the appropriate sum of money to be awarded as punitive damages. That is, in fixing the sum to be awarded, you should consider the degree to

which each defendant police officer should be punished for his wrongful conduct, and the degree to which an award of one sum or another will deter him or persons like him from committing wrongful acts in the future.

The extent to which a particular sum of money will adequately punish a defendant, and the extent to which a particular sum will adequately deter or prevent future misconduct, may depend upon the financial resources of the defendant against whom damages are awarded.  Therefore, if you find that punitive damages should be awarded against any of the defendant police officers, you may consider the financial resources of that defendant in fixing the amount of such damages.[44]

---

[44]Based on Mod. Fed. Jury Instr. 87-92.

Respectfully submitted,

FOR THE PLAINTIFF

By ___*/s/  George J. Cahill, Jr.*___
    George J. Cahill, Jr. (ct04485)
    CAHILL & PERRY, P.C.
    43 Trumbull Street
    New Haven, Connecticut 06510
    Telephone: (203) 777-1000
    Fax: (203) 865-5904
    cahill@trainlaw.com


Respectfully submitted,

FOR THE DEFENDANTS,
METRO-NORTH RAILROAD COMPANY,
METROPOLITAN TRANSPORTATION
AUTHORITY, et al.

By ____*/s/ Steve S. Efron*_____
    Steve S. Efron, Attorney at Law
    237 West 35th Street, Suite 1502
    New York, NY 10001
    Tel: 212-867-1067
    Fax: 212-682-5958
    sefron@aol.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 22, 2022, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

    __*/s/  George J. Cahill, Jr.*_____
    George J. Cahill, Jr.